SUMMONS ISSUED

Russell P. Jantz

P.O. Box 8939

Fountain Valley, CA 92728

714-928-0307

**Plaintiff in Pro Per**

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 1 2022

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**FEE PAID**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL P. JANTZ,<br><br>                     Plaintiff,<br><br>          v.<br><br>LOUISE DEJOY,<br>Postmaster General,<br>United States Postal Service,<br><br>                     Defendant. | Case No.: 2:22-cv-04702-SVW-(RAOx)<br><br>**COMPLAINT OF AGE DISCRIMINATION IN FEDERAL EMPLOYMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Russell P. Jantz hereby alleges against United States Postal Service, and Louis DeJoy, Postmaster General as follows:

## JURISDICTION and VENUE

1. This court has jurisdiction under the 29 U.S. Code §633a (c), because the United States Postal Service is an Agency of the United States.

2. Venue is proper in this judicial district under the 28 U.S. Code §1391, because a substantial number of relevant events occurred in this judicial district.

## PARTIES

3. Plaintiff: Russell P. Jantz is sixty-eight (68) years old, resides at 9353

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

Poinsettia Avenue in Fountain Valley of California 92708, has been employed by the United States Postal Service since 1977, and worked at Santa Ana Processing and Distribution Center (SA P&DC), 3101 West Sunflower Avenue, Santa Ana, California 92799 since 1984.

4. Defendant: Louis DeJoy, General Postmaster is sued in his official capacity as the head of the United States Postal Service (USPS).

## STATEMENT OF FACTS

5. Plaintiff's qualifications are better than all selectees' qualifications for SMO position, Enrique Vargas Jr in 2018, Alexander Esposito in 2019, and Sonia F. Campano in 2020.

|  | Plaintiff | Vargas | Esposito | Campano |
|---|---|---|---|---|
| PS Level in Maintenance | PS - 11 | PS - 9 | PS - 9 | PS - 10 |
| Maintenance Starting Date | 12/26/1981 | 02/21/2006 | 09/18/2016 | 10/23/1999 |
| # of Training Courses | 74 | 13 | 7 | 19 |
| Educational Background | Bachelor's Degree | High School | Associate Degree | High School |

6. Maintenance work experiences acquire through maintenance training courses, years of working in maintenance operations, the maintenance PS level, and the educational background. The No. 5 table above demonstrates an undisputable fact that Plaintiff's experiences for SMO position are better than all the selectees are.

7. The ages of the Plaintiff and all selectees currently are

|  | Plaintiff | Vargas | Esposito | Campano |
|---|---|---|---|---|
| Years of Age | Sixty-eight (68) | Forty-eight (48) | Thirty-two (32) | Fifty-two (52) |

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

8. The No. 7 table above indicates that the Plaintiff is older from sixteen (16) to thirty-six (36) years of age than all the selectees are.

9. Review Committee Members reviewed the SMO applications and scored the applicants' KSAs (**K**nowledge, **S**kills, and **A**bilities).

10. There are three members in a Review Committee. One of them is the Review Committee Chair and two others are Review Committee Members.

11. Each of the SMO selectees had Review Committee Chair as a reference on his or her application for SMO positions.  The Plaintiff did not have one.

| Selectee | Year | Selectee's Reference on Application (KSA) |
|---|---|---|
| Enrique Vargas Jr. | 2018 | Paul W. Pukini, Review Committee Chair |
| Alexander Esposito | 2019 | Brian Moyer, Review Committee Chair |
| Sonia F. Campano | 2020 | Brian Moyer, Review Committee Chair |

12. From No. 11 table above, clearly, there were conflicts of interest in the process of selecting candidates for SMO positions in 2018, 2019, and 2020.

13. Maintenance Manager Robert Neu (a Manager of all Managers in the Maintenance Operations in a Postal facility), under the oath, evaluated the Plaintiff's qualifications for SMO position as following: "*Complainant was the first considered.*", and the "*Complainant had the most to offer off all the candidates who applied.*"

14. Robert Nue, Maintenance Manager, emphasized the most important criteria in making the decision of who to select was the "*back ground and familiarity with automation and mechanization equipment.*"  Mr. Nue admitted that the Plaintiff has these criteria for SMO position.

15. The standard business practice according to the section 743.421, the KSA Requirements defined: "*Applicants are not required to address each KSA individually in a narrative description. Demonstration of the requirements may appear under education, work experience, summary of accomplishments, and attachments*"

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

16. The Defendant has failed to provide a KSA Rubric for each KSA scoring criteria of zero (0), one (1), two (2), or three (3) score.

17. The Defendant has failed to provide a validation or an analysis for the requirements of the SMO position postings in 2018, 2019, and 2020.

18. The identical KSA answers received different scores from the same Review Committee Chair Brian Moyer.

19. The Defendant denied the Plaintiff's requests for obtaining the detail for Supervisor of Maintenance Operations (204B or SMO detail) position at Santa Ana P&DC in September 2018.

20. The United States Postal Service Employee and Labor Relations Manual, Section 351.52e stated, "***Providing all employees the maximum possible opportunities for advancement…***"

21. The Defendant assigned the Plaintiff working overtime from time to time even the Plaintiff was not on overtime-desired list. The most recent schedule overtime for Plaintiff was from May 3 to June 7, 2022.  Plaintiff worked six (6) days per week and ten (10) hours on each regular working day.

22. Santa Ana P&DC finance paid for Plaintiff's SMO detail (204B) working overtime hours.  MTSC in Oklahoma finance did not pay for those hours.

### CAUSES OF ACTION

23. The 29 U.S. Code Section 633a states, "All personnel actions affecting employees or applicants for employment who are at least 40 years of age…in the United States Postal Service…shall be made free from any discrimination based on age."

24. Gomez-Perez v. Potter, 553 U.S. 474, 491 (2008) stated, the "§ 633a (a) prohibits retaliation against a federal employee who complains of age discrimination."

### Claim 1

25. The Defendant did not select the Plaintiff for the SMO position in 2018;

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

instead, the Defendant selected Enrique Vargas Jr. for the SMO position.

26. The Plaintiff's qualification for SMO position was better than the selectee Enrique Vargas Jr.'s qualification (Paragraph 5-6, 13-15).

27. The Plaintiff is 21 years older than Enrique Vargas Jr. is (Paragraph 7-8).

28. There was a conflict of interest when the Defendant selected Vargas for the SMO position in 2018 (Paragraph 9-12)

29. USPS Management selected a candidate for SMO position based on age and reference but not based on best qualification, education or work experience (Paragraph 5-17)

### Claim 2

30. The Defendant did not select the Plaintiff for the SMO position in 2019; instead, the Defendant selected Alexander Esposito for the SMO position.

31. The Plaintiff's qualification for SMO position was better than the selectee Alexander Esposito's qualification (Paragraph 5-6, 13-15).

32. The Plaintiff is 36 years older than Alexander Esposito is (Paragraph 7-8).

33. There was a conflict of interest when the Defendant selected Esposito for the SMO position in 2019 (Paragraph 9-12).

34. USPS Management selected a candidate for SMO position based on age, reference, and retaliation but not based on best qualification, education or work experience (Paragraph 5-18).

### Claim 3

35. The Defendant did not select the Plaintiff for the SMO position in 2020; instead, the Defendant selected Sonia F. Campano for the SMO position.

36. The Plaintiff's qualification for SMO position was better than the selectee Sonia F. Campano's qualification (Paragraph 5-6, 13-15).

37. The Plaintiff is 16 years older than Sonia F. Campano is (Paragraph 7-8).

38. There was a conflict of interest when the Defendant selected Campano for the SMO position in 2020 (Paragraph 9-12).

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

39. USPS Management selected a candidate for SMO position based on age, reference, and retaliation but not based on best qualification, education or work experience (Paragraph 5-18).

## Claim 4

40. In September 2018, the Defendant denied Plaintiff's request for obtaining a SMO detail (204B) position (Paragraph 19).

41. The Defendant wrongfully took away from Plaintiff the possible opportunities for advancement (Paragraph 20).

42. The Defendant discriminatorily denied Plaintiff's request due to he was sixty-three (63) years of age at the occurrence of his request (Paragraph 7).

43. The Defendant failed to provide any legitimate Postal rules, regulations, or documentations in supporting the Defendant's wrongful denial. Defendant's discrimination action was contrary to the Postal rules and regulations (Paragraph 19-22).

## EXAUSTION

44. All jurisdictional prerequisites have been pursuant to 29 C.F.R. §1614.407.

45. Plaintiff's right to file a Civil Action on Claim 1 and Claim 4 due to the Appeal No. 2021001105, which was issued on April 26, 2022 by the U.S. Equal Employment Opportunity Commission. (Agency #1F-927-0107-18) (Exhibit A)

46. Plaintiff's right to file a Civil Action on Claim 2 due to the Appeal No. 2021001102, which was issued on April 18, 2022 by the U.S. Equal Employment Opportunity Commission. (Agency #1F-927-0082-19) (Exhibit B)

47. Plaintiff's right to file a Civil Action on Claim 3 due to the Appeal No. 2021001198, which was issued on May 09, 2022 by the U.S. Equal Employment Opportunity Commission. (Agency #1F-927-0108-20) (Exhibit C)

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

48. Enter a declaratory judgment, pursuant to the 28 U.S. Code §2201 and §2202, and the 29 U.S. Code §633a, that the Defendant's failure to promote or detail the Plaintiff to the position of Supervisor of Maintenance Operations (SMO) was unlawful discrimination against the Plaintiff on the account of his age in violation of the 29 U.S. Code §633a;

49. Issue a mandatory injunction directing the Defendant to promote the Plaintiff retroactively from September 15, 2018 for the SMO position at Santa Ana P&DC to the appropriate level (step and grade);

50. Issue a prohibitory injunction to enjoin the Defendant from further acts of discrimination against the defendant;

51. Enter a judgment against the Defendant in favor of the Plaintiff in the amount of back pay and, if appropriately, front pay owed the Plaintiff by virtue of said retroactive promotion, together with prejudgment interest thereon at the applicable adjusted prime rates from the date on which such wages should have been paid, post-judgment interest, and all other benefits incident to the level EAS-17 Supervisor of Maintenance Operations position, including, but not limited to, within grade step increases and appropriate adjustments to the Plaintiff's retirement account;

52. Enter a judgment against the Defendant and in favor of the Plaintiff of out of pocket expenses and incidental financial losses incurred by the Plaintiff on account of Defendant's unlawful and age related discriminatory employment practices and aforesaid;

53. Enter a judgment against the Defendant and in favor of the Plaintiff of the amount three hundred thousand dollars ($300,000.00) for compensatory damages;

54. Enter a judgment of the reasonable costs; and

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

55. Award the Plaintiff such further and additional relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

56. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: ___July 11, 2022___

___R. P. Jantz___

By: Russell P Jantz

Plaintiff in Pro Per

Plaintiff's Complaint of Age Discrimination in Federal Employment – JURY TRIAL DEMANDED

Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Russell P. Jantz, a/k/a
Colby S.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Pacific Area),
Agency.

Appeal No. 2021001105

Hearing No. 480-2019-00581X

Agency No. 1F-927-0107-18

DECISION

Complainant filed an appeal pursuant to 29 C.F.R. § 1614.403(a), from the Agency's October 22, 2020, notice of final action concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, the Commission AFFIRMS the Agency's final action.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as an Electronic Technician, PS-11, domiciled in the Agency's Santa Ana Processing and Distribution Center located in Santa Ana, California. His position was considered a Postal Headquarters National Support Technician (NST) position. During the relevant time there were approximately 100 NSTs nationwide and they operated under a unique reporting structure. NSTs were domiciled at facilities throughout the country and reported to the National Maintenance Technical Support Center (MTSC) in Norman, Oklahoma. The MTSC decided Complainant's work schedule and job assignments.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

*Exhibit A*
*Page 1 of 3*

5                                                                          2021001105

if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

Exhibit A
Page 2 of 3

6                                                           2021001105

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

April 26, 2022
Date

Exhibit A
Page 3 of 3

Exhibit B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Russell P. Jantz, a/k/a
Jarrett C.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Pacific Area),
Agency.

Appeal No. 2021001102

Hearing No. 480-2020-00306X

Agency No. 1F-927-0082-19

DECISION

Complainant filed an appeal pursuant to 29 C.F.R. § 1614.403(a), from the Agency's October 15, 2020, notice of final action concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, the Commission AFFIRMS the Agency's final action.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as an Electronic Technician, PS-11, in the Agency's Santa Ana Processing and Distribution Center located in Santa Ana, California.

On September 10, 2019, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of race (Caucasian), national origin (Slovenian), sex (male), color (white), age (65), and in reprisal for prior protected EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Exhibit B
Page 1 of 2

4                                                         2021001102

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


April 18, 2022
Date

Exhibit B
Page 2 of 2

Exhibit C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Russell P. Jantz, a/k/a
Wilfredo B.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Pacific Area),
Agency.

Request No. 2022001198

Appeal No. 2021004599

Hearing No. 480-2021-00266X

Agency No. 1F-927-0108-20

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Wilfredo B. v. U.S. Postal Serv., EEOC Appeal No. 2021004599 (Dec. 2, 2021). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant, an Electronic Technician at the Agency's Santa Ana Processing and Distribution Center in Santa Ana, California, filed an EEO complaint alleging that the Agency discriminated against him based on race (Caucasian), national origin (Slovenian), sex (male), color (White),

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Exhibit C
Page 1 of 3

2                                                                    2022001198

age (67), and in reprisal for prior protected EEO activity when, on August 12, 2020, he was not selected for a Supervisor, Maintenance Operations (SMO) position.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the matter issued a summary judgment decision in favor of the Agency finding that he was not subjected to discrimination or reprisal as alleged. The Agency subsequently issued a final order fully adopting the AJ's decision. In the appellate decision, the Commission affirmed the final order.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2021004599 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

Exhibit C
Page 2 of 3

3                                                                    2022001198

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).


FOR THE COMMISSION:


_____
Carlton M. Hadden, Director
Office of Federal Operations


May 9, 2022
Date

Exhibit C
Page 3 of 3